■ TYREE BROTHERS ENVIRONMENTAL SERVICES, INC., et al., Appellants, v FERGUSON PROPELLER, INC., et al., Respondents. [669 NYS2d 221] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated December 18, 1996, as denied their cross motion for summary judgment and granted that branch of the motion of the defendants which was for an award of attorneys' fees and for the imposition of a sanction pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs brought this action, *inter alia*, to recover the outstanding balance due for environmental remediation services provided by them to the defendant Ferguson Propeller, Inc. (hereinafter Ferguson) and its subsidiary, Columbian Bronze Corp. (hereinafter Columbian). Also named as defendants in the action were Bernard N. Ames and Robert D. Ferrie, who are, respectively, the Chairman of the Board and the President-Treasurer of the corporations. In their answer, Ferguson and Columbian asserted counterclaims, *inter alia*, to recover damages for breach of contract, conversion, and trespass. They moved, *inter alia*, to dismiss the complaint insofar as asserted against the individual defendants Ames and Ferrie. The plaintiffs cross-moved, *inter alia*, for summary judgment against all of the defendants and for the dismissal of the counterclaims.

The Supreme Court properly denied the plaintiffs' motion for summary judgment, as the defendants have asserted what appear to be meritorious counterclaims seeking to recover an amount greater than that demanded in the complaint (*see, Illinois Mcgraw Elec. Co. v John J. Walters, Inc.*, 7 NY2d 874, 876-877; *see also, Stack Elec. v DiNardi Constr. Corp.*, 161 AD2d 416).

Contrary to the plaintiffs' contention, the court did not improvidently exercise its discretion in granting that branch of the defendants' motion which was for the imposition of a sanction against them and for an award of attorneys' fees to the individual defendants on the ground that naming them in the action constituted frivolous conduct. The defendants' motion to dismiss the complaint insofar as it was asserted against the individual defendants Ames and Ferrie was granted upon the plaintiffs' concession that they did not seek to impose liability upon those defendants personally. Conduct is frivolous and can be sanctioned under 22 NYCRR 130-1.1 "if it is completely without merit * * * and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; *or* * * * it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (*Matter of Gordon v Marrone*, 202 AD2d 104, 110). The prosecution of a colorable claim for primarily improper purposes constitutes frivolous conduct within the meaning of the court rule (*Matter of Gordon v Marrone, supra,* at 105-106). Since the plaintiffs admitted that they had no intention of pursuing claims against the individual defendants, there was no valid basis for naming them in the action. Ritter, J. P., Altman, Friedmann and Luciano, JJ., concur.