■ TITAN CORPORATION, Appellant, v CELLULAR VISION TECHNOLOGY & TELECOMMUNICATIONS, L.P., Respondent. [706 NYS2d 125] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated March 1, 1999, which denied its motion for summary judgment on the complaint and to dismiss the counterclaims.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the first cause of action is severed, and the matter is remitted to the Supreme Court, Kings County, for the entry of judgment on the first cause of action and the counterclaims, and for a hearing on the damages to be awarded to the plaintiff on the second cause of action and for entry of an appropriate judgment thereon.

The plaintiff established its entitlement to summary judgment on its first cause of action, as the defendant did not dispute that it had failed to make the payments due under the terms of the parties' 1997 letter agreement. Furthermore, since the defendant did not dispute that it had failed to purchase certain equipment as required by the parties' agreement, the plaintiff established its entitlement to summary judgment on the issue of liability on its second cause of action. The plaintiff concedes, however, that a hearing is required to determine the amount of damages to be awarded on that cause of action.

We reject the defendant's contention that the plaintiff is not entitled to summary judgment dismissing the counterclaims. It is true that "it is improper to award summary judgment while there exists a meritorious counterclaim for an amount equal to or greater than that demanded in the complaint" (*Illinois McGraw Elec. Co. v John J. Walters, Inc.,* 7 NY2d 874, 876-877; *see also, Tyree Bros. Envtl. Servs. v Ferguson Propeller,* 247 AD2d 376). However, recovery by the defendant for alleged defects in the products at issue is barred here by the clear and unambiguous language of the release contained in the parties'

1997 agreement. In addition, the defendant's conclusory allegations failed to raise a triable issue of fact with respect to the claim that the plaintiff breached its obligations under the 1997 agreement. Accordingly, the defendant's counterclaims should have been dismissed. O'Brien, J. P., Sullivan, Luciano and Smith, JJ., concur.