■ ALAN D. KUCKER et al., Appellants, v KAMINSKY & RICH et al., Respondents, et al., Defendants. [776 NYS2d 72]—

In an action to recover damages for trespass and intentional infliction of emotional distress, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated February 6, 2003, as granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the first cause of action insofar as asserted against the defendants Kaminsky & Rich, Walter L. Rich, Harvey A. Kaminsky, and Robert R. Gray.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that on the Court's own motion, counsel for the parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the appellants and/or their counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by each filing an affirmation or affidavit on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 3, 2004; and it is further,

Ordered that the Clerk of the Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

The defendant Robert R. Gray's unexceptional daytime entry onto the plaintiffs' property to ring their doorbell to serve (*see* CPLR 308 [2]) an application to confirm an arbitration award in a case entitled *Matter of Matra Bldg. Corp. v Kucker* (2 AD3d 732 [2003]), was not unauthorized. Hence, the plaintiffs failed to state a cause of action for trespass.

The plaintiffs' remaining contentions are without merit.

Pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1 (a), the court may impose financial sanctions upon a party or an attorney who engages in "frivolous conduct" (22 NYCRR 130-1.1 [a]). The plaintiffs have advanced arguments that appear to be "completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" and their conduct throughout this litigation appears to have been intended primarily to harass the defendants (22 NYCRR 130-1.1 [c] [1], [2]). Accordingly, we direct counsel for the parties to submit an affirmation or affidavit on the issue of why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the appellants and/or their counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate. Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.