■ ANDREW GREENE, Appellant-Respondent, v DORAL CONFERENCE CENTER ASSOCIATES, Doing Business as DORAL ARROWWOOD SPORTS CENTER, et al., Respondents-Appellants. [795 NYS2d 252]—

In an action, inter alia, to recover damages for breach of the

common-law duty of innkeepers to receive guests, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 21, 2004, as granted those branches of the defendants' motion which were to dismiss the amended complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) and for the award of an attorney's fee, and (2) the plaintiff appeals from a judgment of the same court entered April 1, 2004, which, upon the order, is in favor of the defendants and against him, dismissing the complaint, and awarded the defendants an attorney's fee in the sum of $6,250, and the defendants cross-appeal, as limited by their notice of appeal and brief, from so much of the same judgment as awarded them an attorney's fee in the sum of only $6,250.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law and as a matter of discretion, by deleting the provision thereof awarding the defendants an attorney's fee in the sum of $6,250 and substituting therefor a provision awarding the defendants an attorney's fee in the sum of $10,000; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Upon a motion pursuant to CPLR 3211 (a) (7), a court must accept the facts alleged in the complaint as true. However, this does not apply to legal conclusions or factual claims which were either inherently incredible or flatly contradicted by documentary evidence (see West Branch Conservation Assn. v County of Rockland, 227 AD2d 547 [1996]). Since the sole cause of action in the plaintiff's amended complaint was predicated on the assertion that his status at the defendants' sports and health club was that of a "guest" and that assertion was flatly contradicted by the other allegations in the plaintiff's pleadings, the amended complaint failed to state a cause of action. Therefore, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss pursuant to CPLR 3211 (a) (7).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for the award of an attorney's

fee. Conduct is frivolous and can be sanctioned under 22 NYCRR 130-1.1 "if it is completely without merit . . . and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; *or* . . . it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (*Tyree Bros. Envtl. Servs. v Ferguson Propeller*, 247 AD2d 376, 377 [1998] [internal quotation marks omitted]). In this case, the plaintiff's claim that the defendants' breach of their alleged duty arose out of their common-law relationship as innkeeper and guest "is completely without merit . . . and cannot be supported by a reasonable argument for the extension, modification or reversal of existing law" (*id.*).

The sum awarded as an attorney's fee was inadequate to the extent indicated. Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.