CHARLES DUN-ZHENG YAN, Appellant, v NANCY KLEIN et al., Respondents. [826 NYS2d 669]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Grays, J.), dated May 5, 2004, which, after a hearing, and upon an order of the same court dated February 5, 2004, granting that branch of the defendants' motion which was, in effect, for costs pursuant to 22 NYCRR 130-1.1 for frivolous conduct, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with costs.

Conduct is frivolous under 22 NYCRR 130-1.1 if it is completely without merit and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law, or it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another (*see Greene v Doral Conference Ctr. Assoc.,* 18 AD3d 429, 431 [2005]; *Tyree Bros. Envtl. Servs. v Ferguson Propeller,* 247 AD2d 376, 377 [1998]). The plaintiff, following two prior actions, has "continued to press the same patently meritless claims," most of which are now barred by the doctrines of res judicata and collateral estoppel (*Tsabbar v Auld,* 26 AD3d 233, 234 [2006]). Moreover, all of the plaintiff's claims are "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22

NYCRR 130-1.1 [c] [1]; *see Kucker v Kaminsky & Rich,* 7 AD3d 491, 492 [2004]). The plaintiff's conduct in persisting in advancing these claims, despite numerous warnings that doing so was frivolous (*see* 22 NYCRR 130-1.1 [c]; *see also Matter of Parkside Ltd. Liab. Co.,* 294 AD2d 582, 584 [2002]), "appears to have been intended primarily to harass the defendants," his former employer, and its employees (*Kucker v Kaminsky & Rich, supra* at 492; *see Matter of Ferraro v Gordon,* 1 AD3d 595, 598 [2003]; *Matter of Sud v Sud,* 227 AD2d 319, 319 [1996]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was, in effect, for costs pursuant to 22 NYCRR 130-1.1. Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.