■ ·Joseph Mascia et al., Appellants, v Walter Maresco, Respondent. Coalition of Landlords, Homeowners & Merchants, Inc., Nonparty Appellant. [833 NYS2d 207]—

In an action to recover damages for, inter alia, trespass, perjury, and intentional infliction of emotional distress, the plaintiffs and their counsel's employer, the Coalition of Landlords, Homeowners & Merchants, Inc., appeal from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered February 7, 2006, which, upon an order of the same court dated July 7, 2005, inter alia, granting the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (2) and (7), and upon a separate order of the same court dated December 8, 2005, among other things, granting the defendant's motion for sanctions to the extent of awarding him the sum of $5,060 as a sanction for frivolous litigation pursuant to 22 NYCRR 130-1.1,

is in favor of the defendant's employer, the Town of Brookhaven, and against the plaintiffs in the principal sum of $2,530 and is in favor of the defendant's employer, the Town of Brookhaven, and against the plaintiffs' counsel's employer, the Coalition of Landlords, Homeowners & Merchants, Inc., in the principal sum of $2,530.

Ordered that the judgment is affirmed, with costs; and it is further,

Ordered that, on the Court's own motion, counsel for the parties to this appeal are directed to show cause why an order should or should not be made and entered on appeal imposing such sanctions and/or costs, if any, against the appellants and/or their counsel, pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by each filing an original and four copies of an affirmation or affidavit on that issue in the office of the Clerk of this Court and serving one copy on the other party on or before May 3, 2007; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

The plaintiffs asserted causes of action against the defendant, a process server employed by the Town of Brookhaven, based upon allegations of trespass, perjury, and intentional infliction of emotional distress. These causes of action were based solely upon the defendant's service of a summons and complaint at the front door of the plaintiffs' home, in connection with an unrelated civil action, and the defendant's testimony regarding such service at the subsequent traverse hearing held in that action. The plaintiff's causes of action are frivolous, and we thus affirm the judgment awarding sanctions to the defendant's employer.

Conduct during litigation, including on an appeal, is frivolous and subject to sanction and/or the award of costs when it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or it asserts material factual statements that are false (*see* 22 NYCRR 130-1.1; *Greene v Doral Conference Ctr. Assoc.,* 18 AD3d 429, 431 [2005]; *Tyree Bros. Envtl. Servs. v Ferguson Propeller,* 247 AD2d 376, 377 [1998]). The contentions advanced by the plaintiffs here were "completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]; *see Kucker v*

*Kaminsky & Rich,* 7 AD3d 491, 492 [2004]). Moreover, the plaintiffs' conduct in commencing this action and in continuing to advance their claims, "appears to have been intended primarily to harass the defendant" (*Kucker v Kaminsky & Rich, supra* at 492). Accordingly, the Supreme Court providently exercised its discretion in awarding the defendant's employer its costs and reasonable attorney's fees as a sanction pursuant to 22 NYCRR 130-1.1.

In appealing the judgment awarding costs and attorney's fees as a sanction pursuant to 22 NYCRR 130-1.1, the plaintiffs continue to argue that their entirely invalid claims stated valid causes of action against the defendant. As such, we direct the parties and/or their respective counsel to submit papers to this Court addressing whether the content of and manner in which this appeal was prosecuted by the plaintiffs and/or their counsel should be found frivolous within the meaning of 22 NYCRR 130-1.1, and if so, whether sanctions should be imposed and/or costs awarded to the defendant or his employer on appeal, including legal fees incurred in defending this appeal. Fisher, J.P., Dillon, Carni and McCarthy, JJ., concur.