■ Anthony Alizio, Plaintiff, v Peter Robert Perpignano et al., Defendants. (Action No. 1.) P.J. Alizio Realty, Inc., Plaintiff, v Irving Eisenberg et al., Defendants. (Action No. 2.) Irving Eisenberg et al., Plaintiffs, v P.J. Alizio, Inc., et al., Defendants. (Action No. 3.) Anthony Alizio, Respondent, v Gregory Ronan et al., Defendants, and Peter Robert Perpignano et al., Appellants. (Action No. 4.) Irving Eisenberg et al., Plaintiffs, v P.J. Alizio, Inc., et al., Defendants. (Action No. 5.) [835 NYS2d 360]—

In an action, inter alia, to recover damages for conversion (action No. 4), which was joined for trial with four related actions (action Nos. 1, 2, 3, and 5), the defendants Peter Robert Perpignano, Charles Titone, Wardell Apartments, Inc., Bernice Eisenberg, as personal representative of the estate of Leonard Eisenberg, and Lillian Eisenberg, as administrator of the estate of Irving Eisenberg, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered June 22, 2005, as granted those branches of the plaintiff's motion which were for summary judgment on the first cause of action insofar as asserted against the defendant Wardell Apartments, Inc., in action No. 4, and for summary judgment dismissing the counterclaims of the defendants Peter Robert Perpignano, Bernice Eisenberg, as personal representative of the estate of Leonard Eisenberg, Lillian Eisenberg, as administrator of the estate of Irving Eisenberg, and Wardell Apartments, Inc., in action No. 4, and directed the entry of judgment in favor of the plaintiff and against the defendant Wardell Apartments, Inc., in the sum of $531,250 in action No. 4.

Ordered that the appeal by the defendant Charles Titone is dismissed, as that defendant is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the appeal by the defendants Peter Robert

Perpignano, Bernice Eisenberg, and Lillian Eisenberg from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action insofar as asserted against the defendant Wardell Apartments, Inc., in action No. 4, and directed the entry of judgment in favor of the plaintiff and against the defendant Wardell Apartments, Inc., in the sum of $531,250 in action No. 4, is dismissed, as those defendants are not aggrieved by those portions of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff, Anthony Alizio, owned 6.25% of the shares of the defendant Wardell Apartments, Inc. (hereinafter Wardell), a closely-held corporation, and served as one of its officers and directors. The other shareholders, directors, and officers of Wardell included the defendants Peter Robert Perpignano and Charles Titone, as well as Leonard Eisenberg and Irving Eisenberg, the decedents of the defendants Bernice Eisenberg and Lillian Eisenberg, respectively. In June 2003, Wardell sold its principal asset, a low income housing apartment building (hereinafter the Wardell property), for approximately $9.4 million.

The plaintiff commenced an action in the Supreme Court, Suffolk County against, among others, Wardell, Perpignano, Titone, and the Eisenbergs, seeking, inter alia, his share of the proceeds of the sale of the Wardell property. In their verified answer, Wardell, Perpignano, and the Eisenbergs (hereinafter collectively the appellants), asserted two counterclaims. Titone submitted a separate verified answer which did not assert any counterclaims. Thereafter, the plaintiff's action in the Supreme Court, Suffolk County, was transferred to the Supreme Court, Nassau County, where it was joined for trial with four related actions involving the termination of the parties' business relationship.

The plaintiff moved, inter alia, for summary judgment on the first cause of action seeking his share of the proceeds of the sale of the Wardell property and dismissing the counterclaims of Wardell, Perpignano, and the Eisenbergs. In the order appealed from, the Supreme Court, Nassau County, granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action insofar as asserted against Wardell. The court also granted that branch of the motion which was for summary judgment dismissing the counterclaims, and it directed the entry of judgment in favor of the plaintiff and

against Wardell, in the sum of $531,250, which constituted the plaintiff's share of the proceeds of the sale of the Wardell property.

The appellants do not dispute the plaintiff's entitlement to his share of the proceeds of the sale of the Wardell property. They contend, however, that they asserted meritorious counterclaims seeking an amount greater than that demanded in the complaint, and thus, the Supreme Court improperly granted the plaintiff's motion for summary judgment (*see Tyree Bros. Envtl. Servs. v Ferguson Propeller*, 247 AD2d 376, 377 [1998]).

The first counterclaim alleged, inter alia, that the plaintiff dominated and controlled the management company hired by Wardell and caused the management company to "over-bill" Wardell for its services in the amount of $900,000 from the years 1994 through 2003. The second counterclaim alleged that, while the Wardell property was being marketed for sale, the plaintiff breached his fiduciary duty to Wardell by providing financial information about Wardell, which was in the possession of the management company, to the plaintiff's favored potential buyer. At the same time, the plaintiff allegedly instructed the management company not to provide this information to other potential buyers. Although the plaintiff's alleged favored potential buyer was outbid by the eventual buyer, the second counterclaim averred that the plaintiff's actions in concealing financial information caused the Wardell property to be sold for less than its actual value.

In response to the plaintiff's prima facie showing of his entitlement to summary judgment dismissing both counterclaims, the appellants failed to raise an issue of fact. The only evidence produced by the appellants that the management company "over-billed" for its services was the conclusory and hearsay statement in Perpignano's affidavit that: "I have had attorneys and accountants review the financial information I was able to obtain . . . and they estimated that plaintiff, acting in concert with [the management company], had over-billed Wardell for approximately $900,000 in fees collected by them between 1994 and 2003." The only evidence produced by the appellants that the property was sold for less than its actual value was Perpignano's conclusory statement in his affidavit that he later "became aware that the Property was actually worth closer to $11,250,000.00 than to the $9.4 million for which it was sold." These conclusory statements were insufficient to raise a triable issue of fact.

The appellants further contend that the plaintiff's motion for summary judgment made on or about May 21, 2004, was

premature given the existence of a preliminary conference order providing January 31, 2005, as the end date for discovery and February 1, 2005, as the date before which expert disclosure must be made. The existence of this preliminary conference order was not an acceptable excuse for the appellants' failure to provide some evidence in admissible form to support Perpignano's statements (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Moreover, the appellants failed to offer evidence to suggest that discovery may lead to admissible evidence in support of Perpignano's statements or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (*see Lopez v WS Distrib., Inc.*, 34 AD3d 759 [2006]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaims, and properly directed the entry of judgment in favor of the plaintiff and against Wardell for the plaintiff's share of the proceeds of the sale of the Wardell property. Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.