ERICA CARRASQUILLO, an Infant, by her Mother and Natural Guardian, LISA CARRASQUILLO, et al., Respondents, v CITY OF NEW YORK et al., Appellants. [910 NYS2d 526]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated February 27, 2009, as (a) denied those branches of their motion pursuant to CPLR 4404 (a) which were, in effect, to set aside the jury verdict and for judgment as a matter of law based on the plaintiffs' failure to establish a prima facie case, or to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, or to set aside the jury verdict on the ground that certain evidence and testimony were improperly precluded or admitted and for a new trial, (b) granted that branch of their motion pursuant to CPLR 4404 (a) which was to set aside the damages awards for past and future pain and suffering as excessive only to the extent of directing a new trial on the issue of those damages unless the plaintiffs stipulated to reduce the awards to the principal sums of $300,000 for past pain and suffering and $900,000 for future pain and suffering, and (c) granted the plaintiffs' cross motion to impose sanctions upon them pursuant to 22 NYCRR 130-1.1 to the extent of directing them to pay the sum of $3,000 to the plaintiffs' attorney.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the defendants' motion pursuant to CPLR 4404 (a) which was, in effect, to set aside the jury verdict and for judgment as a matter of law for the plaintiffs' failure to es-

tablish a prima facie case is granted, those branches of the defendants' motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, or to set aside the jury verdict on the ground that certain evidence and testimony were improperly precluded or admitted and for a new trial, and to set aside the damages awards for past and future pain and suffering as excessive are denied as academic, and the plaintiffs' cross motion to impose sanctions upon the defendants pursuant to 22 NYCRR 130-1.1 is denied.

The infant plaintiff, then six years old, was injured when she fell from a six-foot ladder at a municipal playground. The accident occurred on a piece of playground equipment that was located approximately 60 feet away from a series of spray sprinklers. Just before the infant climbed the ladder, a group of children, who had previously been playing in the sprinklers, ascended the structure and dripped water onto the rungs of ladder. According to the plaintiffs, the ladder then became wet and slippery, a condition which ultimately led to the infant plaintiff falling off the ladder. The complaint against the defendants alleged negligence in the maintenance and/or design of the ladder and playground.

At trial, the plaintiffs contended that the defendants were negligent in failing to install or maintain a ladder that was slip resistant under wet and dry conditions. In support of this claim, they introduced a 1981 edition of the Consumer Product Safety Commission (hereinafter CPSC) guidelines. That 1981 edition of the CPSC guidelines, which was admitted into evidence over the defendants' objection, recommended that "components intended primarily for use by the feet should have a finish that is slip-resistant under wet and dry conditions." The plaintiffs also introduced a construction contract for the subject playground, which called for the play equipment to "meet or exceed the latest requirements" published by the CPSC. The contract also called for steps and rungs to be "slip resistant under both wet and dry conditions."

The defendants demonstrated, at trial, that the 1981 edition of the CPSC guidelines had been superseded by subsequent versions and was irrelevant and inapplicable to the playground here, which was designed in 1996 and constructed in 1998. They introduced evidence demonstrating that the cited portion of 1981 guidelines, which called for surfaces that are slip resistant under wet and dry conditions, had been removed and replaced with a recommendation that called for steps and rung ladders which prevent the accumulation of water. The defendants pre-

sented evidence showing that the design of the subject ladder did not permit the accumulation of water and that the design did not violate any other recommendation contained in any applicable guideline. The defendants moved, pursuant to CPLR 4401, both at the conclusion of the plaintiffs' case and at the conclusion of the evidence, for judgment as a matter of law based on the plaintiffs' failure to establish a prima facie case of negligence. The Supreme Court denied these motions, and the jury found the defendants liable and awarded damages to the plaintiffs.

After the jury verdict was announced, the defendants moved pursuant to CPLR 4404 (a) to set it aside and for a judgment as a matter of law based on the plaintiffs' failure to establish a prima facie case of negligence. The Supreme Court denied this motion on the record and explicitly directed the defendants not to include this contention in the posttrial written motion that they intended to submit.

Thereafter, the defendants submitted a written motion pursuant to CPLR 4404 (a), in effect, to set aside the jury verdict and for judgment as a matter of law based on the plaintiffs' failure to establish a prima facie case, or to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, or to set aside the jury verdict on the ground that certain evidence and testimony were improperly precluded or admitted and for a new trial. The defendants also moved to set aside the damages awards for past and future pain and suffering as excessive. The plaintiffs cross-moved to impose sanctions upon the defendants pursuant to 22 NYCRR 130-1.1, contending that the defendants had ignored the Supreme Court's directive by moving to set aside the verdict on the issue of liability.

In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the awards for past and future pain and suffering as excessive only to the extent of directing a new trial on the issue of those damages unless the plaintiffs stipulated to certain reduced awards. The Supreme Court otherwise denied the defendants' motion. Moreover, it granted the plaintiffs' cross motion to the extent of directing the defendants to pay the sum of $3,000 to the plaintiffs' attorney. We reverse the order insofar as appealed from.

Contrary to the Supreme Court's conclusion, that branch of the defendants' motion pursuant to CPLR 4404 (a) which was, in effect, to set aside the verdict and for judgment as a matter of law based on the plaintiffs' failure to establish a prima facie case should have been granted. An injured plaintiff cannot dem-

onstrate negligence on the part of the municipality merely by showing that a playground does not meet CPSC guidelines, as those guidelines are aspirational in nature (*see Troiani v White Plains City School Dist.*, 64 AD3d 701, 702 [2009]; *Bergin v Town of Oyster Bay*, 51 AD3d 698, 699 [2008]; *Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d 384, 386 [2003]; *Davidson v Sachem Cent. School Dist.*, 300 AD2d 276 [2002]). Although proof that an applicable guideline was adopted in actual practice may demonstrate the existence of a standard from which a duty on the part of the municipality might be derived (*see Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d at 386; *Dash v City of New York*, 236 AD2d 579, 580 [1997]; *Rosario v City of New York*, 157 AD2d 467, 470 [1990]), the plaintiffs here presented no proof that the defendants breached any duty imposed by any applicable guideline that they adopted.

The plaintiffs' theory of negligence was based on a recommendation found in the 1981 edition of the CPSC guidelines. While those 1981 guidelines did call for certain components to be finished with a surface that was slip resistant under wet and dry conditions, the subject playground was designed in 1996 and constructed in 1998, and the plaintiffs' own expert acknowledged, on cross-examination, that the 1981 guidelines had been superseded by editions published in 1994 and 1997. The plaintiffs' expert further acknowledged that neither of the subsequent editions of the CPSC guidelines recommended that ladders be finished with a surface that was slip resistant under wet and dry conditions and that the revised editions called instead for steps and ladders that prevented the accumulation of water. The plaintiffs did not demonstrate, or even allege, that the design of the ladder permitted the accumulation of water, or that the design violated any other section of any other applicable guideline. Moreover, the defendants' expert, who explained that the 1981 guidelines had been revised after the CPSC had discovered that slip-resistant materials on certain surfaces generated different risks, demonstrated that the subject ladder was indeed designed so that it did not permit the accumulation of water, and that it otherwise met the "latest requirements" promulgated by the CPSC.

Disregarding the CPSC guidelines that had been superseded, the plaintiffs' sole basis for establishing liability was a specification, set forth in the construction contract, which called for the ladder to be "slip resistant under both wet and dry conditions." That single specification is inconsistent with numerous other provisions in the contract, which explicitly call for the play-

ground to meet the most recent CPSC guidelines, and under the circumstances, would not be a basis for liability (*see generally Rodriguez v New York City Tr. Auth.*, 273 AD2d 370, 371 [2000]; *Conrad v County of Westchester*, 259 AD2d 724, 725 [1999]).

Additionally, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' cross motion to impose sanctions against the defendants, as counsel's conduct was not frivolous within the meaning of the 22 NYCRR 130-1.1 (*see Joan 2000, Ltd. v Deco Constr. Corp.*, 66 AD3d 841, 842 [2009]; *Mascia v Maresco*, 39 AD3d 504, 506 [2007]; *Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 431 [2005]).

The defendants' remaining contentions have been rendered academic in light of the above determination. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.