In an action to recover legal fees, the defendant appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Parga, J.), entered June 3, 2015, as denied those branches of her motion which were for leave to reargue and/or renew (a) her opposition to that branch of the plaintiff’s prior motion pursuant to CPLR 3211 (a) which was to dismiss the defendant’s counterclaim alleging legal malpractice, which was granted in an order of the same court entered June 16, 2011, and (b) that branch of her prior motion which was for leave to amend her answer to assert counterclaims alleging legal malpractice, which was denied in an order of the same court entered February 8, 2012, and (2) so much of an order of the same court entered August 18, 2015, as granted that branch of the plaintiff’s motion which was for summary judgment dismissing so much of the defendant’s third affirmative defense as alleged that the plaintiff committed legal malpractice while representing her in a divorce action, and the plaintiff cross-appeals from so much of the order entered August 18, 2015, as denied that branch of her motion which was for summary judgment dismissing so much of the defendant’s third affirmative defense as alleged that the plaintiff committed legal malpractice while representing the defendant in matters subsequent to the divorce action.
 

 Ordered that the appeal from so much of the order entered June 3, 2015, as denied that branch of the defendant’s motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
 

 Ordered that the order entered June 3, 2015, is affirmed insofar as reviewed; and it is further;
 

 Ordered that the order entered August 18, 2015, is affirmed insofar as appealed and cross-appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The Supreme Court properly denied that branch of the defendant’s motion which was for leave to renew her opposition to that branch of the plaintiff’s prior motion pursuant to CPLR' 3211 (a) which was to dismiss the defendant’s counterclaim alleging that the plaintiff committed legal malpractice while representing her in a divorce action which ended with the entry of a judgment of divorce on February 27, 2004. The court properly determined, in an order entered June 16, 2011, granting that branch of the plaintiff’s motion, that the continuous representation doctrine was not applicable to toll the statute of limitations, and the new facts relied upon in support of the defendant’s motion would not have changed that determination (see CPLR 2221 [e] [2]). There was no evidence that the parties contemplated further representation of the defendant by the plaintiff after the entry of the judgment of divorce in the divorce action (see McCoy v Feinman, 99 NY2d 295, 306 [2002]). The fact that the defendant again retained the plaintiff in May 2007, to represent her in subsequent litigation with her former husband’s estate which involved, inter alia, the interpretation of the divorce settlement agreement drafted by the plaintiff, did not render the representation continuous for the purpose of tolling the statute of limitations (see Matter of Lawrence, 24 NY3d 320, 341-342 [2014]; Byron Chem. Co., Inc. v Groman, 61 AD3d 909, 911 [2009]).
 

 That branch of the defendant’s motion which was for leave to renew that branch of her prior motion which was for leave to amend her answer to assert additional counterclaims alleging legal malpractice was properly denied. The proposed amendment was barred by the law of the case, which precludes the relitigation of issues previously resolved on the merits (see People v Evans, 94 NY2d 499, 502 [2000]; Strujan v Glencord Bldg. Corp., 137 AD3d 1252 [2016]).
 

 The defendant was properly precluded from seeking equitable recoupment pursuant to CPLR 203 (d) based on the time-barred counterclaim and affirmative defense, as the legal malpractice that allegedly occurred in the divorce action did not arise from the transaction sued upon, which involved the defendant’s alleged failure to pay the plaintiffs legal fees in the subsequent litigation involving the estate of the defendant’s former husband (cf. Balanoff v Doscher, 140 AD3d 995 [2016]).
 

 The Supreme Court properly denied that branch of the plaintiff’s motion which was for summary judgment dismissing so much of the defendant’s third affirmative defense as alleged that the plaintiff committed legal malpractice while representing the defendant in matters subsequent to the divorce action involving the defendant’s former husband’s estate, as she failed to make a prima facie showing of entitlement to such relief (see Duque v Perez, 95 AD3d 937, 938-939 [2012]).
 

 Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.