Pathak v Shukla (2018 NY Slip Op 05775)





Pathak v Shukla


2018 NY Slip Op 05775


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-04272
 (Index No. 203102/07)

[*1]Sonal Pathak, respondent, 
v
Janak Shukla, appellant.


Janak Shukla, Syosset, NY, appellant pro se.
DiMascio & Associates, LLP, Garden City, NY (John P. DiMascio, Jr., and Lisa J. Silverman of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated April 22, 2015. The order, insofar as appealed from, denied the defendant's motion to hold the plaintiff in civil contempt and granted that branch of the plaintiff's cross motion which was for an award of attorney's fees pursuant to 22 NYCRR 130-1.1 to the extent of awarding her attorney's fees in the sum of $7,500.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were married and have two children. The plaintiff commenced this action for a divorce and ancillary relief, and on December 10, 2009, the parties entered into a stipulation of settlement in which they resolved many of the issues related to the divorce. The stipulation provided that the plaintiff agreed to accept the sum of $60,000 for her interest in a jointly owned property in India, minus a credit in the sum of $20,000 for the defendant's share of the plaintiff's enhanced earning capacity. The defendant was to pay the sum of $40,000 to the plaintiff, and the plaintiff's attorney would then release from escrow various documents supplied by the defendant and executed by the plaintiff that were necessary to effectuate the transfer of the property. The Supreme Court subsequently resolved outstanding issues in a decision after trial and issued a judgment of divorce dated November 14, 2011, which incorporated, but did not merge, the stipulation.
The defendant never paid the $40,000, and the plaintiff did not execute any documents necessary for the transfer of the property. In December 2014, the defendant moved to hold the plaintiff in civil contempt, inter alia, for her failure to comply with the terms of the stipulation, for improperly filing an income execution related to child support, and for delaying resolution of the action. The plaintiff cross-moved, inter alia, for an award of attorney's fees pursuant to 22 NYCRR 130-1.1 for fees incurred in opposing the defendant's motion. In the order appealed from, the Supreme Court denied the defendant's motion and granted that branch of the plaintiff's cross motion which was for an award of attorney's fees to the extent awarding her $7,500 in attorney's fees. The defendant appeals.
To prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation (see Judiciary Law § 753[A][3]; McCain v Dinkins, 84 NY2d 216; GMCK Realty, LLC v Mihalatos, 95 AD3d 947; Astrada v Archer, 71 AD3d 803). To satisfy the prejudice element, it is sufficient to allege and prove that the contemnor's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party (see Astrada v Archer, 71 AD3d 803; Casavecchia v Mizrahi, 57 AD3d 702). Here, the plaintiff's failure to execute transfer documents did not violate a court order, as the defendant had failed to pay the money he was required to pay to the plaintiff prior to her execution of such documents, and the defendant did not establish that he provided the plaintiff with the proper transfer documents to execute, as the stipulation required. Therefore, we agree with the Supreme Court's determination not to hold the plaintiff in civil contempt for failing to comply with the terms of the stipulation.
The plaintiff was properly awarded attorney's fees in the sum of $7,500 pursuant to 22 NYCRR 130-1.1. Conduct during litigation is frivolous and subject to sanction and/or an award of costs when it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or it asserts material factual statements that are false (see 22 NYCRR 130-1.1; Greene v Doral Conference Ctr. Assoc., 18 AD3d 429, 431; Tyree Bros. Envtl. Servs. v Ferguson Propeller, 247 AD2d 376, 377). The contentions advanced on the defendant's motion were completely without merit in law or fact and could not be supported by a reasonable argument for an extension, modification, or reversal of existing law (see 22 NYCRR 130-1.1[c][1]; Kucker v Kaminsky & Rich, 7 AD3d 491, 492). Accordingly, the Supreme Court providently exercised its discretion in awarding the plaintiff attorney's fees in the sum of $7,500 pursuant to 22 NYCRR 130-1.1.
To the extent that the defendant raises arguments relating to the attorney's fees that he was previously ordered to pay in the judgment of divorce, equitable distribution, and the amount of child support awarded to the plaintiff, those issues were judicially determined by this Court on the direct appeal from the judgment of divorce (see Pathak v Shukla, 109 AD3d 891) and are barred by the law of the case, which precludes the relitigation of issues previously resolved on the merits (see Verkowitz v Ursprung, 153 AD3d 1443, 1444; Strujan v Glencord Bldg. Corp., 137 AD3d 1252).
The defendant's remaining contentions are without merit.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court