Falco v Miller (2019 NY Slip Op 01563)





Falco v Miller


2019 NY Slip Op 01563


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-00302
 (Index No. 606648/15)

[*1]Anthony Falco, etc., respondent, 
v
Raheem Miller, defendant-appellant; The Law Offices of Christopher J. Cassar, P.C., nonparty-appellant pro se.


The Law Offices of Christopher J. Cassar, P.C., Huntington, NY, nonparty-appellant pro se and for defendant-appellant.
Ganfer & Shore, LLP, New York, NY (Stephen J. Shore, Ira Brad Matetsky, and William A. Jaskola of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring a mechanic's lien void, and to recover damages for fraud, the defendant and the nonparty The Law Offices of Christopher J. Cassar, P.C., appeal from a judgment of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), entered October 23, 2017. The judgment, upon, inter alia, a decision of the same court dated May 26, 2016, made after a hearing to determine the validity of service of process, and a decision after inquest of the same court dated June 19, 2017, is in favor of the plaintiff and against the defendant and the nonparty The Law Offices of Christopher J. Cassar, P.C., jointly and severally, in the total sum of $17,150 as an award of costs in the form of an attorney's fee.
ORDERED that the judgment is affirmed, with costs.
The defendant filed a mechanic's lien dated February 12, 2015, in the amount of $160,000 against the plaintiff's property. By letter dated June 12, 2015, the plaintiff's attorney demanded that the defendant's attorney either provide proof that the defendant was a licensed home improvement contractor or remove any and all liens that had been filed against the premises. After receiving no response from the defendant's attorney, the plaintiff commenced this action, inter alia, for a judgment declaring the mechanic's lien void and to recover damages for fraud. Thereafter, the plaintiff moved for leave to enter a default judgment against the defendant upon the defendant's failure to timely appear or answer the complaint. The defendant cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint, contending that the Supreme Court lacked personal jurisdiction over him.
After a hearing to determine the validity of service of process, the Supreme Court granted the motion and denied the cross motion. In a decision after inquest dated June 19, 2017, the plaintiff was awarded an attorney's fee pursuant to 22 NYCRR 130-1.1, payable by the defendant and his attorney. A judgment was entered on October 23, 2017, in favor of the plaintiff and against the defendant and his attorney, jointly and severally, in the total sum of $17,150 as an award of costs in the form of an attorney's fee. The defendant and his attorney appeal from the judgment.
We agree with the Supreme Court's determination that the plaintiff met his "ultimate burden of proving by [the] preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (Bankers Trust Co. of California v Tsoukas, 303 AD2d 343, [*2]343). The plaintiff's evidence, consisting, inter alia, of the uncontroverted testimony of the process server, and the affidavit of service, was sufficient to establish that service upon the defendant was properly effectuated pursuant to CPLR 308(2).
"The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees resulting from frivolous conduct" (22 NYCRR 130-1.1[a]). Conduct is frivolous under 22 NYCRR 130-1.1 if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or it is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1[c][1], [2]; see Mascia v Maresco, 39 AD3d 504, 505; Greene v Doral Conference Ctr. Assoc., 18 AD3d 429, 431). 
Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1(a) for an award of an attorney's fee in the total sum of $17,150 (see 22 NYCRR 130-1.1[a]). The court properly determined that the defendant and his attorney engaged in frivolous conduct in filing and continuing a mechanic's lien, as it was completely without merit in law, and could not be supported by a reasonable argument for an extension, modification, or reversal of existing law (see 22 NYCRR 130-1.1[c]).
We decline the plaintiff's request for the imposition of sanctions against the defendant and his attorney in connection with this appeal.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court