Etzion v Blank Rome, LLP (2019 NY Slip Op 05468)





Etzion v Blank Rome, LLP


2019 NY Slip Op 05468


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Renwick, J.P., Gische, Kapnick, Singh, JJ.


9805 157904/17

[*1]Rafael Etzion, Plaintiff-Appellant,
v
Blank Rome, LLP, et al., Defendants-Respondents.


Andrew Lavoott Bluestone, New York, for appellant.
Hinshaw & Culbertson LLP, New York (Philip Touitou of counsel), for respondent.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered September 24, 2018, dismissing the complaint, unanimously affirmed, with costs.
Plaintiff alleges that defendants negligently drafted a fee provision in a stipulation of settlement in his divorce action, which ended with entry of a final judgment of divorce in August 2005. He alleges that, as a result of defendants' negligence, he was unable to recover the attorneys' fees he incurred in defending against a subsequent lawsuit brought by his former wife, who alleged that he had fraudulently misrepresented and concealed information concerning the value of an asset while negotiating the stipulation of settlement, resulting in more than
$38 million in damages to her (see Etzion v Etzion, 84 AD3d 1015, 1018 [2d Dept 2011], lv dismissed 18 NY3d 854 [2011]; Etzion v Etzion, 62 AD3d 646, 652 [2d Dept 2009], lv dismissed 13 NY3d 824 [2009]). After plaintiff, represented by defendants, prevailed in the fraud action (see Etzion v Etzion, 138 AD3d 678 [2d Dept 2016], lv denied 28 NY3d 910 [2016]), he commenced the instant malpractice action, effectively seeking to be relieved of the obligation to pay defendants' fees for the services rendered by them in the post-divorce fraud action.
The motion court correctly found that this action, which was commenced 12 years after the divorce action ended, is barred by the applicable three-year statute of limitations (see Shumsky v Eisenstein, 96 NY2d 164, 166 [2001]; CPLR 214[6]). Contrary to plaintiff's contentions, the continuous representation doctrine is inapplicable, because defendants were retained under two separately executed retainer agreements in the divorce action and the fraud action (see Glamm v Allen, 57 NY2d 87, 93-94 [1982]; see also Shumsky, 96 NY2d at 168). The first retainer agreement expressly stated that it did not cover any services following the entry of a final judgment of divorce. Thus, there was no mutual understanding that further representation was necessary on the
specific subject matter of the malpractice claim (see McCoy v Feinman, 99 NY2d 295, 306 [2002]; see also Champlin v Pellegrin, 111 AD3d 411, 412 [1st Dept 2013]). Moreover, the [*2]divorce action and the fraud action, although related, were two distinct and separate actions (see Verkowitz v Ursprung, 153 AD3d 1443 [2d Dept 2017]; see also Voutsas v Hochberg, 103 AD3d 445, 446 [1st Dept 2013], lv denied 22 NY3d 853 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK