Morgan v Feldman Kieffer LLP (2024 NY Slip Op 50566(U))

[*1]

Morgan v Feldman Kieffer LLP

2024 NY Slip Op 50566(U)

Decided on May 14, 2024

City Court Of Buffalo, Erie County

Town, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 14, 2024
City Court of Buffalo, Erie County

Jack R. Morgan, Plaintiff,

against
Feldman Kieffer LLP, Defendant.

Index No. SC-001230-23/BU

Jack R. Morgan, Esq.
pro se
for the Plaintiff
Adam C. Ferrandino, Esq.
for the Defendant

Rebecca L. Town, J.

This matter comes before this Court by Plaintiff Jack R. Morgan, Esq. ("Plaintiff") seeking reimbursement for continuing legal education and bar expenses totaling $1,439.00. Plaintiff contends that these costs were incurred as necessary business expenses while employed by Feldman Kieffer, LLP ("Defendant"). For the reasons set forth below, this Court finds that Plaintiff's claim is frivolous within the meaning of 22 NYCRR 130-1.1 and the action is DISMISSED with prejudice.
 BACKGROUND
Plaintiff was employed by Defendant, a law firm, which provided in its Employee Handbook that employees would be reimbursed for "all necessary and reasonable expenses related to the normal conduct of business," contingent upon such expenses being "pre-approved by your manager and accompanied with receipts." It is undisputed that Plaintiff, by his signature, acknowledged receipt of the Employee handbook on April 20, 2023.
Upon separation with the firm, Plaintiff requested reimbursement for costs associated with continuing legal education expenses and related bar frees. Plaintiff's request was denied, and he filed an action with this Court.

DISCUSSION
Frivolous conduct in litigation is defined under 22 NYCRR 130-1.1 as action that is [*2]"completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law," or if it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or it asserts material factual statements that are false (22 NYCRR 130-1.1; Green v Doral Conference Ctr.. Assoc., 18 AD3d 429, 431 [2d Dept 2005]). When viewed through this lens, the facts before this Court make it clear that the Plaintiff's cause of action cannot be construed as anything other than frivolous conduct. In applying the standard for frivolous conduct, this Court considers that whether Plaintiff's claim could reasonably be construed as a necessary business expense warranting reimbursement under the terms of the employment agreement.
Continuing legal education requirements and related bar fees, while undoubtedly essential to maintaining legal licensure, are personal obligations of the attorney rather than discretionary expenses incurred in the direct conduct of business. This interpretation is consistent with prevailing jurisprudence that such costs are borne by the individual licensee rather than the employer, absent an explicit agreement to the contrary.
CLE and Bar Association dues, while professionally mandatory, do not directly relate to the specific business activities of a law firm. They are incurred by the attorney as part of the requirements to maintain legal licensure in the State of New York. As such, they are inherently personal in nature and not expenses that are typically borne by an employer unless specifically agreed to as part of the employment terms. In this case, the Employee Handbook's terms requiring pre-approval were not met, nor does the handbook's language reasonably extend to cover such expenses.
The Plaintiff's argument that these should be considered reimbursable business expenses attempts to stretch the existing law in a manner that is unsupported by legal precedent or reasonable interpretation of the Employee Handbook. This claim, therefore, lacks a legitimate basis in law or fact for the modification of existing legal standards regarding what constitutes reimbursable business expenses under the Employee Handbook. Thus, this Court finds that the Plaintiff's instant action constitutes frivolous conduct. The appropriate remedy here, then, is dismissal of the instant action with prejudice.

CONCLUSION
For the foregoing reasons, this Court finds that the Plaintiff's instant action is frivolous within the meaning of 22 NYCRR 130.1-1 and the action is DISMISSED with prejudice. So ordered.
E N T E R
Dated: May 14, 2024
Buffalo, New York
Hon. Rebecca L. Town