| |
|---|
| **Buff v Mendelsohn** |
| 2024 NY Slip Op 33051(U) |
| August 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154780/2020 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**                    PART                    47

                              *Justice*

-----------------------------------------------------------------------------X

CAROLYN BUFF,

                                 Plaintiff,

                       - v -

HARVEY MENDELSOHN, CPA, JANOVER LLC,

                               Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154780/2020 |
| MOTION DATE | 05/14/2024 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 177, 178, 179, 180, 181, 182, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 203

were read on this motion to/for                    SANACTIONS                    .

Upon the foregoing documents, it is

    Plaintiff moves for sanctions pursuant to CPLR 3126 and NYCCRR 22 §130-1.1 to impose sanctions on defendants, arguing that they have not complied with the April 19, 2024 decision and order which directed defendant to respond to her February 28, 2022 post deposition demands (NYSCEF Doc No 190). Defendants cross-move to preclude plaintiff from offering certain evidence arguing that she has not complied with the April 19, 2024 order and decision. Defendants also seek an order to compel plaintiff to sit for an additional deposition. Finally, they also move for sanctions arguing that plaintiff's motion is frivolous.

    In a May 19, 2022, status conference plaintiff's post-EBT demands were clarified, and defendants were ordered to provide:

1.  Copies of all contracts, agreements, commitments, arrangements, and/or undertakings between Mr. Harvey Mendelsohn and Janover LLC from 2012 through 2017, inclusive with respect to Mr. Mendelsohn rendering or providing accounting/tax services;

2. And, a copy of the Mendelsohn and/or Janover LLC retainer agreement with Wilson Elser Moskowitz Edelman & Dicker in this case limited to who hired the law firm and for whom the firm was hired to represent.

Defendants were ordered to comply with these demands in the April 19, 2024 decision and order wherein it states "that upon renewal plaintiff's motion to compel is granted and defendants are ordered to provide the records requested in the February 28, 2022 demands or if they are not in possession of such records they shall provide a Jackson affidavit stating so." (NYSCEF Doc No 195).

Defendants have provided an affidavit stating that they have provided the contracts between Harvey Mendelsohn and Janover LLC on September 15, 2023 and they have provided a *Jackson* affidavit stating that they are not in possession of any retainer agreements between Wilson Elser Moskowitz Edelman & Dicker and Janover LLC and/or Harvey Mendelsohn, CPA. Therefore, defendants have complied with the court order and plaintiff's motion will be denied.

On December 21, 2023 two decision and orders were issued addressing outstanding discovery demands (NYSCEF Doc Nos 141 & 143). The decision and order on MS #3 denied plaintiff's motion for a protective order on the grounds that the documents sought by defendants were "material and necessary" to defendants' defenses in this matter (*Capital Sources, Inc. v Vital Signals, Inc*., 191 AD2d 193 [1st Dept 1993]). The decision and order on MS #4 granted defendants' motion to compel plaintiff to provide the records requested in defendants' September 15, 2023 post deposition demands (NYSCEF Doc No 129).

Plaintiff appealed these decisions and in MS #5 moved to stay discovery pending her appeal which was denied by decision and order dated April 19, 2024 (NYSCEF Doc No 175).

**154780/2020   BUFF, CAROLYN vs. HARVEY MENDELSOHN, CPA**
  **Motion No.  007**

**Page 2 of 4**

Plaintiff also moved in MS #6 to reargue MS #3 and #4 which was granted only to the limited extent that the court did not address a portion of plaintiff's motion seeking to compel defendants to respond to the February 28, 2022 post-EBT demands. The motion was otherwise denied by decision and order dated April 19, 2024 (NYSCEF Doc No 176) and plaintiff was again ordered to comply with the December 21, 2023 decision and orders (NYSCEF Doc Nos 141 & 143).

Defendants argue that plaintiff has still not complied with the September 15, 2023 post deposition demands. However, plaintiff has provided an affidavit stating that she has given defendants all documents in her possession regarding these demands (NYSCEF Doc No 198). Therefore, plaintiff has complied with her discovery obligations regarding the September 15, 2023 post deposition demands. Accordingly, the cross-motion for preclusion will be denied. Further, while defendants seek to compel plaintiff to sit for a supplemental deposition regarding the additional discovery produced, they did not provide an argument why this deposition is necessary based on the content of these documents. Accordingly, the cross-motion to compel will be denied.

ORDERED that plaintiff's motion for sanctions is denied; and it is further

ORDERED that the part of the cross-motion for an order of preclusion is denied; and it is further

ORDERED that the part of the cross-motion to compel is denied; and it is further

ORDERED that the part of the cross-motion for sanctions is denied because while plaintiff's interpretation of the May 19, 2022, status conference is incorrect it is not "frivolous and subject to sanction [by being] completely without merit in law or fact" (*Mascia v Maresco*, 39 AD3d 504, 505 [2d Dept 2007]); and it is further

ORDERED that the parties are directed to appear for a virtual status conference via

**154780/2020   BUFF, CAROLYN vs. HARVEY MENDELSOHN, CPA**
  **Motion No.  007**

**Page 3 of 4**

3 of 4

Microsoft TEAMS on September 26, 2024 at 2:15 PM.

20240829162450PG0ETZ10ECF7E38789A4EF0BBE64E2960296AD2

| 8/29/2024 | | PAUL A. GOETZ, J.S.C. |
|---|---|---|
| DATE | | |

**CHECK ONE:**    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

☐ GRANTED    ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

**APPLICATION:**    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**154780/2020   BUFF, CAROLYN vs. HARVEY MENDELSOHN, CPA**
**Motion No.  007**

Page 4 of 4

4 of 4