█ STONE MOUNTAIN HOLDINGS, LLC, Respondent, v ELIYAHU SPITZER et al., Appellants, et al., Defendants. [990 NYS2d 39]—

In an action to foreclose a mortgage, the defendants Eliyahu Spitzer, also known as Eliot Spitzer, Sharona Spitzer, Michael Steinberg, and the 2nd Ave Project, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), entered May 22, 2012, as denied their cross motion for an order directing the plaintiff to provide them a satisfaction of judgment and to impose sanctions on the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 2007, Eliyahu Spitzer, also known as Eliot Spitzer (hereinafter Spitzer), and Michael Steinberg borrowed $3 million from the plaintiff on behalf of Everyday Logistics, LLC. Spitzer and Steinberg executed various notes and guaranties, and Spitzer and his wife, Sharona Spitzer (hereinafter Mrs. Spitzer), pledged their home as partial collateral for the loan and gave the plaintiff a mortgage thereon. Spitzer and Steinberg failed to repay the loan and the plaintiff brought this action against, inter alia, Spitzer, Mrs. Spitzer, and Steinberg (hereinafter collectively the defendants) seeking, among other things, to foreclose on the mortgage and obtain, if relevant, a deficiency judgment against Spitzer and Steinberg.

The Supreme Court entered a judgment of foreclosure and sale in favor of the plaintiff in the sum of $4.32 million. However, after that judgment was entered, the plaintiff, in two separate documents, released the mortgage and cancelled the lis pendens in exchange for a payment of $100,000. In a third doc-

ument, the parties purportedly stipulated to the discontinuance of the action with prejudice. Nevertheless, the plaintiff sought postjudgment depositions of the defendants for the purpose of discovering assets and, when the defendants failed to appear, obtained a conditional order of contempt, in which the court stated that defendants could avoid contempt by appearing for depositions within 30 days of the service of the order. That order was served on September 7, 2011. Thereafter, the plaintiff was able to obtain Spitzer's and Steinberg's depositions, but Mrs. Spitzer refused to appear. On February 29, 2012, the plaintiff moved to enforce the conditional order and hold Mrs. Spitzer in contempt. The defendants cross-moved for an order directing the plaintiff to provide them a satisfaction of judgment and for sanctions against the plaintiff for frivolous behavior on the ground that they had no basis for seeking Mrs. Spitzer's deposition. The court granted the plaintiff's motion to hold Mrs. Spitzer in contempt and denied both branches of the defendants' cross motion. The defendants appeal from the denial of their cross motion.

The Supreme Court properly denied that branch of the defendants' cross motion which sought an order directing the plaintiff to provide them a satisfaction of judgment. In general, "[w]hen an action is discontinued, it is as if it had never been; everything done in the action is annulled and all prior orders in the case are nullified" (*Newman v Newman*, 245 AD2d 353, 354 [1997]). However, pursuant to CPLR 3217 (a) (2), the parties may stipulate to discontinuance only "before the case has been submitted to the court or jury." In this case, the Supreme Court's entry of a judgment of foreclosure and sale indicates that the matter had been submitted to the court and, therefore, at the time the parties entered into the stipulation, discontinuance by stipulation was no longer permitted (*see* CPLR 3217 [b]). In any event, the parties did not treat the stipulation as having annulled the action but instead continued to litigate. Accordingly, the court correctly determined that the stipulation did not entitle the defendants to documents enabling them to expunge the judgment.

Moreover, the defendants' submissions did not establish that the plaintiff agreed to accept the $100,000 in full satisfaction of the judgment. A court's fundamental objective in interpreting a contract is to determine the parties' intent from the language employed and to fulfill their reasonable expectations (*see Rivera v Wyckoff Hgts. Med. Ctr.*, 113 AD3d 667, 670 [2014]; *St. John's Univ., N.Y. v Butler Rogers Baskett Architects, P.C.*, 92 AD3d 761, 764 [2012]; *131 Heartland Blvd. Corp. v C.J. Jon Corp.*, 82

AD3d 1188, 1189 [2011]). Here, to read the plaintiff's release of the mortgage and cancellation of the lis pendens in exchange for a payment of $100,000 as constituting their agreement to accept that sum in full satisfaction of the judgment would be to strain the language of these documents beyond the breaking point and to create a windfall for the defendants by allowing them to obtain satisfaction of the judgment by paying roughly 3.3% of the principal sum borrowed and less than 2.4% of the judgment. This result could not have been within the parties' expectations when negotiating these documents. Instead, giving a reasonable reading to the plain language of documents (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *NML Capital v Republic of Argentina*, 17 NY3d 250, 259 [2011]; *Brad H. v City of New York*, 17 NY3d 180, 185 [2011]; *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *St. John's Univ., N.Y. v Butler Rogers Baskett Architects, P.C.*, 92 AD3d at 765), it appears that the plaintiff agreed to accept a payment of $100,000 either as collateral in lieu of the house or simply as a partial payment of the $4.32 million judgment. Accordingly, the Supreme Court correctly determined that the defendants did not demonstrate that they were entitled to an order directing the plaintiff to provide them a satisfaction of judgment enabling them to expunge the judgment against them.

The Supreme Court also properly denied that branch of the defendants' cross motion which was for sanctions. A court, "in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1 [a]). Although the advancement of a meritless position may serve as the basis for a finding of frivolity, the standard for such a showing is high: the rule provides that a position will be deemed frivolous only where it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]; *see Mascia v Maresco*, 39 AD3d 504, 505 [2007]; *Kucker v Kaminsky & Rich*, 7 AD3d 491, 492 [2004]). The party seeking sanctions has the burden to demonstrate that its opponent's conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c).

Here, according to the Supreme Court's August 25, 2011, conditional order of contempt, which was served on September 7, 2011, the plaintiff was entitled to seek a final order of contempt as early as October 7, 2011. By waiting to seek enforcement until February 29, 2012, the plaintiff gave the de-

fendants approximately 4¹/₂ additional months to produce Mrs. Spitzer, to which they were not entitled. Under these circumstances, the plaintiff's motion to enforce the conditional order of contempt was not frivolous.

The defendants' remaining contention is without merit. Eng, P.J., Austin, Hinds-Radix and LaSalle, JJ., concur.