■ CITIMORTGAGE, INC., Respondent, v GEORGE DULGEROFF et al., Defendants, and BOARD OF MANAGERS OF THE PARKCHESTER SOUTH CONDOMINIUM, Respondent, et al., Defendants. WEST FORK CAPITAL EQUITIES, LLC, Nonparty Appellant. [29 NYS3d 291]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered August 13, 2014, which denied nonparty West Fork Capital Equities, LLC's motion to intervene and to vacate the default judgment of foreclosure, unanimously affirmed, without costs.

Contrary to the motion court's ruling, West Fork's failure to attach the judgment of foreclosure to its motion to intervene and to vacate the judgment is not a fatal defect. At most, the court should have directed West Fork to supplement or resubmit its papers (*see Sea Trade Mar. Corp. v Coutsodontis*, 111 AD3d 483, 486 [1st Dept 2013]). However, contrary to West Fork's argument, the order on appeal need not be vacated for failure to recite the papers on which it is based (*see Singer v Board of Educ. of City of N.Y.*, 97 AD2d 507 [2d Dept 1983]).

On the merits, plaintiff is correct that the fact that West Fork obtained its interest in the property after plaintiff had filed notice of pendency bound West Fork to the outcome of the foreclosure action (*see* CPLR 6501; *2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp.*, 58 AD3d 158, 161 [1st Dept 2008], *lv denied* 11 NY3d 716 [2009]). However, that alone would not definitively bar West Fork from intervening (*see Westchester Fed. Sav. & Loan Assn. v H.E.W. Constr. Corp.*, 29 AD2d 670 [2d Dept 1968], *lv denied* 21 NY2d 646 [1968]). Nor is intervention barred by the fact that the motion was made post-judgment (*see Martinez v Estate of Carney*, 129 AD3d 607 [1st Dept 2015]).

Nevertheless, we affirm the denial of West Fork's motion, because there is nothing in the record that indicates that leaving the judgment standing would result in any injustice (*see Amalgamated Bank v Helmsley-Spear, Inc.*, 25 NY3d 1098 [2015]). There was no fraud or collusion among the parties. Indeed, West Fork was on notice all along by virtue of the notice of pendency that its interest could be extinguished in the foreclosure action (*see 2386 Creston Ave. Realty*, 58 AD3d at 161). Its failure to intervene earlier, while on notice that its

rights were at stake, undermines any claim of injustice. Concur—Mazzarelli, J.P., Andrias, Saxe, Moskowitz and Kahn, JJ.