■ West Hempstead Water District, Respondent, v Buckeye Pipeline Company, L.P., et al., Defendants, and Leon Petroleum, LLC, Appellant. [58 NYS3d 121]—

In an action, inter alia, to recover damages for public and private nuisance, the defendant Leon Petroleum, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), entered January 16, 2015, as denied that branch of its motion which was to impose sanctions upon the plaintiff and/or the plaintiff's counsel pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A court, 'in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct'" (*Stone Mtn. Holdings, LLC v Spitzer*, 119 AD3d 548, 550 [2014], quoting 22 NYCRR 130-1.1 [a]). "Although the advancement of a meritless position may serve as the basis for a finding of frivolity, the standard for such a showing is high: the rule provides that a position will be deemed

frivolous only where it is 'completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law' " (*Stone Mtn. Holdings, LLC v Spitzer*, 119 AD3d at 550, quoting 22 NYCRR 130-1.1 [a]; *see Mascia v Maresco*, 39 AD3d 504, 505 [2007]; *Kucker v Kaminsky & Rich*, 7 AD3d 491, 492 [2004]). "The party seeking sanctions has the burden to demonstrate that its opponent's conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c)" (*Stone Mtn. Holdings, LLC v Spitzer*, 119 AD3d at 550).

Here, the defendant Leon Petroleum, LLC (hereinafter Leon), failed to meet that burden. The Supreme Court, in granting Leon's motion for summary judgment dismissing the complaint insofar as asserted against it, found that the plaintiff attempted to raise a new theory of liability, and failed to support that theory with documentary evidence or other evidence in admissible form. However, Leon failed to demonstrate that the plaintiff's position was completely without merit in law, undertaken " 'primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure' " Leon, or based upon material statements of fact which are false (*Matter of Lebron v Lebron*, 101 AD3d 1009, 1010 [2012], quoting 22 NYCRR 130-1.1 [c] [2]). Accordingly, the denial of that branch of Leon's motion which was to impose sanctions upon the plaintiff and/or the plaintiff's counsel pursuant to 22 NYCRR 130-1.1 was a provident exercise of discretion.

Leon's remaining contentions are without merit. Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.