Stone Mtn. Holdings, LLC v Spitzer (2020 NY Slip Op 04419)





Stone Mtn. Holdings, LLC v Spitzer


2020 NY Slip Op 04419


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-05156
 (Index No. 4292/09)

[*1]Stone Mountain Holdings, LLC, respondent,
v
Eliyahu Spitzer, etc., et al., appellants, et al., defendants.


Coti & Sugrue (Liska & Gray, New York, NY [Samuel T. Gray], of counsel), for appellants.
Siegel & Reiner, LLP, New York, NY (Richard H. Del Valle of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Eliyahu Spitzer and Sharona Spitzer appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated April 10, 2017. The order granted the plaintiff's motion pursuant to RPAPL 1301(3) for leave to commence a new action to collect a debt.
ORDERED that the order is affirmed, with costs.
In December 2007, the defendants Eliyahu Spitzer (hereinafter Spitzer) and Michael Steinberg borrowed $3 million from the plaintiff on behalf of Everyday Logistics, LLC (hereinafter Everyday) (see Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d 548). Everyday's debt was secured by, inter alia, a promissory note and an unconditional guaranty of payment executed by Spitzer and Steinberg personally (see id.). As additional security for the loan, Spitzer and his wife, the defendant Sharona Spitzer (hereinafter together the Spitzers), gave the plaintiff a mortgage on their home (hereinafter the residential mortgage) (see id.).
When the note matured on December 19, 2008, Everyday failed to tender the sums then due and, in May 2009, the plaintiff commenced an action to foreclose the residential mortgage (see id.). In November 2010, the plaintiff obtained a judgment of foreclosure and sale in the sum of $4,320,000 (see id.). However, rather than proceeding with the foreclosure sale of the Spitzers' residence, the plaintiff agreed to forgo its right to foreclose on the residential mortgage in exchange for a partial payment of $100,000 against the judgment (see id. at 548-549).
In the course of its attempts to collect the $4.22 million still owed, the plaintiff discovered that the judgment in its favor authorized only the foreclosure sale and did not authorize it to collect sums due but not satisfied by the sale of the mortgaged property. The plaintiff therefore moved pursuant to RPAPL 1301(3) for leave to institute a new action against Spitzer and Steinberg to collect the remaining debt. The Supreme Court granted the motion. The Spitzers appeal.
"Pursuant to RPAPL 1301, [t]he holder of a note and mortgage may proceed at law [*2]to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies" (Hometown Bank of Hudson Val. v Colucci, 127 AD3d 702, 703 [internal quotation marks omitted]). Accordingly, after final judgment in its favor, a plaintiff may not commence another action to recover a mortgage debt without leave of court (see RPAPL 1301[3]; MLB Sub I, LLC v Grimes, 170 AD3d 992, 994). RPAPL 1301 is " strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time'" (Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804, 805, quoting Dollar Dry Dock Bank v Piping Rock Bldrs., 181 AD2d 709, 710; see Hometown Bank of Hudson Val. v Colucci, 127 AD3d at 703).
Here, as we noted in our prior decision in this matter, to prevent the plaintiff from seeking to collect the $4.22 million still owed to it would "create a windfall for the defendants by allowing them to obtain satisfaction of the judgment by paying roughly 3.3% of the principal sum borrowed and less than 2.4% of the judgment" (Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d at 550). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to commence a new action to collect the remainder of the debt (see TD Bank, N.A. v 250 Jackson Ave., LLC, 137 AD3d 1006, 1007; see generally Valley Sav. Bank v Rose, 228 AD2d 666, 667).
The Spitzers' contention that the Supreme Court improperly authorized the plaintiff to commence an action against Sharona Spitzer is not supported by the record.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court