Masheh v JHF Mgt., LLC (2021 NY Slip Op 07372)





Masheh v JHF Mgt., LLC


2021 NY Slip Op 07372


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


871 CA 20-00842

[*1]MOHAMMAD M. MASHEH, PLAINTIFF-APPELLANT,
v
JHF MANAGEMENT, LLC, JODA PROPERTIES, LLC, STEVE FERRARO AND JOHN H. FERRARO, DEFENDANTS-RESPONDENTS. 






LEGAL SERVICES OF CENTRAL NEW YORK, INC., BINGHAMTON (GEORGE B. HADDAD OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, JAMESVILLE (LAUREN M. MILLER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered June 23, 2020. The order denied the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a month-to-month tenant at an apartment in a building owned and operated by defendants, commenced this action to recover damages arising from defendants' actions in taking possession of the apartment and removing plaintiff's belongings from the premises and disposing of them. Plaintiff now appeals from an order denying his motion for summary judgment on his cause of action for wrongful eviction. We affirm.
Plaintiff contends that he was entitled to summary judgment on his wrongful eviction cause of action because he was a month-to-month tenant and defendants wrongfully evicted him by failing to commence a special proceeding (see RPAPL 711). Plaintiff further contends that the evidence established that he never intended to abandon the premises. We reject those contentions and conclude that plaintiff's own moving papers raise triable issues of fact whether he abandoned the subject premises (see generally Smith v Hamasaki, 173 AD3d 1816, 1817 [4th Dept 2019]; Gawron v Town of Cheektowaga, 125 AD3d 1467, 1468 [4th Dept 2015]).
On his motion, plaintiff bore the initial burden of establishing his prima facie entitlement to judgment as a matter of law and to "show that there is no defense to [his] cause of action" for wrongful eviction (CPLR 3212 [b]; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). "Abandonment in law depends upon the concurrence of two and only two factors; one, an intention to abandon or relinquish; and two, some overt act, or some failure to act, which carries the implication that owner neither claims nor retains any interest in the subject matter of the abandonment" (City of Binghamton v Gartell, 275 App Div 457, 460 [3d Dept 1949]). Here, we conclude plaintiff's own motion papers raise questions of material fact whether he notified defendants of an intention to terminate his tenancy and, if so, whether he retracted that notification. There also are triable questions of fact whether plaintiff evidenced his abandonment of the premises by, inter alia, failing to respond to the calls and a notice from defendants regarding his status and by the condition in which he allegedly left the apartment. "Viewing the evidence in the light most favorable to defendant[s], the nonmoving part[ies]" (Jackson v Rumpf, 177 AD3d 1354, 1355 [4th Dept 2019]), we conclude that plaintiff failed to meet his initial burden on the motion regardless of the sufficiency of defendants' opposition papers (see generally Winegrad, 64 NY2d at 853).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court