HSBC Bank USA, N.A. v Minogue (2022 NY Slip Op 00653)





HSBC Bank USA, N.A. v Minogue


2022 NY Slip Op 00653


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-07798
 (Index No. 12901/13)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
David J. Minogue, etc., et al., defendants; Kenneth Ahrem, et al., nonparty-appellants.


Ronald D. Weiss P.C., Melville, NY (Brandon Dei of counsel), for nonparty-appellants.
Davidson Fink LLP, Rochester, NY (Richard N. Franco and Winston & Strawn LLP [Michael E. Blaine], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparties Kenneth Ahrem and Deborah Ahrem appeal from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated April 25, 2018. The order denied the motion of those nonparties, in effect, inter alia, for leave to intervene in the action and to vacate a judgment of foreclosure and sale of the same court dated December 4, 2017.
ORDERED that the order is affirmed, with costs.
In March 2005, the defendant David J. Minogue executed a note in the sum of $593,750 in favor of Fremont Investment & Loan. The note was secured by a mortgage on real property located in East Islip. The mortgage was subsequently assigned to the plaintiff. In July 2006, David J. Minogue conveyed his interest in the property to the defendant Margaret Minogue.
In May 2013, the plaintiff commenced this action to foreclose the mortgage. In connection with this action, the plaintiff filed a notice of pendency, which was recorded on May 13, 2013. Several months later, pursuant to a deed dated July 24, 2013, Margaret Minogue conveyed her interest in the subject property to nonparty Deborah Ahrem. The deed was recorded on March 20, 2014.
Margaret Minogue failed to answer the complaint, and the action proceeded upon her default. In October 2015, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference. On December 4, 2017, the court issued a judgment of foreclosure and sale.
In March 2018, Deborah Ahrem and nonparty Kenneth Ahrem (hereinafter together the appellants) moved, in effect, inter alia, for leave to intervene in the action, to vacate the judgment of foreclosure and sale, and to dismiss the complaint or for leave to serve a late answer. The Supreme Court denied the motion, and this appeal ensued.
Upon a timely motion, a person is permitted to intervene in an action as of right when, [*2]among other things, "the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR 1012[a][2]), or "the action involves the disposition . . . of, or the title . . . to, property and the person may be affected adversely by the judgment" (id. § 1012[a][3]; see US Bank N.A. v Carrington, 179 AD3d 743, 743; US Bank N.A. v Vogel, 171 AD3d 1243, 1245). In addition, the court may, in its discretion, permit a person to intervene when, among other circumstances, "the person's claim or defense and the main action have a common question of law or fact" (CPLR 1013). "Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance, since intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings" (Global Team Vernon, LLC v Vernon Realty Holding, LLC, 93 AD3d 819, 820 [internal quotation marks omitted]; see Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d 1394, 1396). "In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party" (CPLR 1013; see Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677).
"Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property" (Wells Fargo Bank, N.A. v Lance, 196 AD3d 535, 536 [internal quotation marks omitted]; see Sharestates Invs., LLC v Hercules, 178 AD3d 1112, 1114). "[A] person whose conveyance . . . is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party" (DK Gates Homes, LLC v HSBC Bank USA, N.A., 188 AD3d 815, 815 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Lance, 196 AD3d at 536).
Here, the notice of pendency was recorded in May 2013, before the appellants obtained title to the subject property and recorded their interest. Thus, the appellants had constructive notice of the foreclosure action, and their interest in the property was effectively foreclosed upon entry of the judgment of foreclosure and sale (see HSBC Bank USA, N.A. v Pape, 178 AD3d 683, 684; Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 480; cf. Bank of Am., NA v Nocella, 194 AD3d 900, 902). Accordingly, the appellants failed to demonstrate a real and substantial interest in the outcome of the action so as to warrant intervention (see HSBC Mtge. Corp. [USA] v Wisnieski, 195 AD3d 603, 604; HSBC Bank USA, N.A. v Pape, 178 AD3d at 684-685).
Moreover, the appellants' motion, inter alia, for leave to intervene was made more than four years after the appellants took title to the property, and several months after the judgment of foreclosure and sale was issued. The motion, therefore, was untimely (see 1077 Madison St., LLC v Dickerson, 197 AD3d 446, 447; Fulton Holding Group, LLC v Lindoff, 165 AD3d 1045, 1047).
Finally, the appellants lacked standing to make a motion to vacate the judgment of foreclosure and sale as "interested person[s]" pursuant to CPLR 5015(a), because nothing in the record indicates that leaving the judgment standing would result in any injustice (see Amalgamated Bank v Helmsley-Spear, Inc., 25 NY3d 1098, 1100; Citimortgage, Inc. v Dulgeroff, 138 AD3d 419, 419-420).
In light of our determination, we need not address the appellants' remaining contentions.
Accordingly, the Supreme Court providently exercised its discretion in denying the appellants' motion.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court