Paige v Deerview, LLC (2023 NY Slip Op 02429)

Paige v Deerview, LLC

2023 NY Slip Op 02429

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

274 CA 22-00813

[*1]JAMES. PAIGE, JR., PLAINTIFF-APPELLANT, V
v
DEERVIEW, LLC, MARK SHANNON, JAMIE SHANNON, JONATHAN WISE, SENNECA TREY STONE AND ARIANN ABRA POLASKY, DEFENDANTS-RESPONDENTS. 

WRIGHT CALIMERI, PLLC, JAMESTOWN (MATTHEW B. SCHUTTE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 

 Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered May 11, 2022. The order denied plaintiff's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action between neighbors on Chautauqua Lake, plaintiff appeals from an order that, inter alia, denied his motion for summary judgment with respect to his first cause of action insofar as it alleges that defendants violated a riparian easement by storing their dock and boat lifts on the parties' right-of-way during the offseason. We affirm.
Viewing the evidence in the light most favorable to defendants as the nonmoving parties (see Masheh v JHF Mgt., LLC, 200 AD3d 1621, 1622 [4th Dept 2021]; Jackson v Rumpf, 177 AD3d 1354, 1355 [4th Dept 2019]), we conclude that plaintiff failed to meet his initial burden on the motion of establishing as a matter of law that defendants' offseason storage of the dock and boat lifts violated the parties' riparian easement or was otherwise unlawful (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Thus, Supreme Court properly denied the motion "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In any event, even assuming, arguendo, that plaintiff met his initial burden, we conclude that defendants raised a material issue of fact in opposition sufficient to defeat the motion (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court