JPMorgan Chase Bank, N.A. v Mule (2024 NY Slip Op 04459)

JPMorgan Chase Bank, N.A. v Mule

2024 NY Slip Op 04459

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-05624
 (Index No. 22827/13)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Linda Mule, etc., et al., defendants; 2018-79, LLC, etc., nonparty-appellant.

Law Offices of Charles R. Cuneo, P.C., Huntington, NY, for nonparty-appellant.
Reed Smith LLP, New York, NY (Yimell M. Suarez Abreu of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty 2018-79, LLC, appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered April 21, 2023. The order denied the motion of nonparty 2018-79, LLC, for leave to intervene in the action and, thereupon, inter alia, to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered May 30, 2019.
ORDERED that the order is affirmed, with costs.
In 2013, the plaintiff commenced this action to foreclose a mortgage given by the borrower, Nelson P. Roane, and executed by the defendant Nelseta Roane Williams, as "AGENT IN FACT" for Nelson P. Roane, encumbering certain real property located in Queens. In 2015, Williams executed a deed purportedly transferring the property to nonparty 116 Ave Owners, Inc. (hereinafter 116 Ave Owners). On May 30, 2019, the Supreme Court entered an order and judgment of foreclosure and sale. In December 2019, the property was sold at a foreclosure sale to the Secretary of Veterans Affairs, and the deed was recorded on January 27, 2020. In September 2022, 116 Ave Owners allegedly executed a quitclaim deed purportedly transferring its interest in the property to nonparty 2018-79, LLC (hereinafter the appellant), an entity in which Williams allegedly owned a 50% membership interest. The deed between 116 Ave Owners and the appellant was not recorded.
In January 2023, the appellant moved for leave to intervene in the action and, thereupon, inter alia, to vacate the order and judgment of foreclosure and sale. In an order entered April 21, 2023, the Supreme Court denied the appellant's motion, and this appeal ensued.
Upon a timely motion, a person is permitted to intervene in an action as of right when, among other things, "the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR 1012[a][2]), or "the action involves the disposition . . . of, or the title . . . to, property and the person may be affected adversely by the judgment" (id. § 1012[a][3]; see U.S. Bank N.A. v Carrington, 179 AD3d 743, 743; US Bank N.A. v Vogel, 171 AD3d 1243). In addition, the court may, in its discretion, permit a person to intervene [*2]when, among other circumstances, "the person's claim or defense and the main action have a common question of law or fact" (CPLR 1013). "Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance, since intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings" (Global Team Vernon, LLC v Vernon Realty Holding, LLC, 93 AD3d 819, 820 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Minogue, 202 AD3d 662, 663). "In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party" (CPLR 1013; see Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677).
"Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property" (Sharestates Invs., LLC v Hercules, 178 AD3d 1112, 1114; see HSBC Bank USA, N.A. v Minogue, 202 AD3d at 663). "The statute further provides that a person whose conveyance or encumbrance is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party" (Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 479; see CPLR 6501; HSBC Bank USA, N.A. v Minogue, 202 AD3d at 663; Sharestates Investments, LLC v Hercules, 178 AD3d at 1114). "A person holding an interest that accrued prior to the filing of a notice of pendency, but not recorded until after the filing of the notice, is still so bound" (DLJ Mtge. Capital, Inc. v Windsor, 78 AD3d 645, 647; see Sharestates Invs., LLC v Hercules, 178 AD3d at 1115). "Further, the status of a bona fide purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning same" (HSBC Bank USA, N.A. v Pape, 178 AD3d 683, 684).
Here, the Supreme Court providently exercised its discretion in denying the appellant leave to intervene, as the appellant failed to establish a "real and substantial interest" in the action to warrant intervention (HSBC Mtge. Corp. [USA] v Wisnieski, 195 AD3d 603, 604; HSBC Bank USA, N.A. v Pape, 178 AD3d at 684 [internal quotation marks omitted]). A notice of pendency against the property was filed in December 2013, and an amended notice of pendency against the property was filed in June 2014, before 116 Ave Owners, the appellant's alleged predecessor in interest, purportedly obtained title to the property. Accordingly, 116 Ave Owners had constructive notice of this foreclosure action and its alleged interest in the property was effectively foreclosed upon entry of the order and judgment of foreclosure and sale (see HSBC Bank USA, N.A. v Minogue, 202 AD3d at 663; HSBC Bank USA, N.A. v Pape, 178 AD3d at 684). Moreover, the appellant cannot be considered a bona fide purchaser of the property (see HSBC Bank USA, N.A. v Pape, 178 AD3d at 684).
Further, the appellant's motion, inter alia, for leave to intervene was untimely, as the appellant moved approximately four years after the order and judgment of foreclosure and sale was issued, approximately three years after the deed transferring the property to the Secretary of Veterans Affairs was recorded, and approximately three months after the appellant allegedly took title to the property (see Wells Fargo Bank, N.A. v Carter, 202 AD3d 1146, 1146-1147; Fulton Holding Group, LLC v Lindoff, 165 AD3d 1045, 1047).
The appellant's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court