U.S. Bank N.A. v Tait (2025 NY Slip Op 00344)

U.S. Bank N.A. v Tait

2025 NY Slip Op 00344

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2022-08530
 (Index No. 701967/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Valerie Tait, et al., defendants; Innovation Two, Inc., nonparty-appellant.

Fadullon Dizon Krul, LLP, Jericho, NY (Alexander Krul and Nicholas Safran of counsel), for nonparty-appellant.
Friedman Vartolo LLP, New York, NY (Zachary Gold of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Innovation Two, Inc., appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered September 2, 2022. The order, insofar as appealed from, denied that nonparty's motion pursuant to CPLR 5015(a) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Howard G. Lane, J.) entered November 29, 2016.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that on the Court's own motion, the parties to the appeal are directed to show cause before this Court why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, upon nonparty Innovation Two, Inc., and/or its counsel, Fadullon Dizon Krul, LLP, pursuant to 22 NYCRR 130-1.1(c) as this Court may deem appropriate, by uploading an affirmation or affidavit on that issue, with proof of service thereof, to NYSCEF, on or before February 25, 2025; and it is further,
ORDERED that the Clerk of the Court, or his designee, is directed to serve a copy of this order to show cause upon the parties to this appeal, via upload to NYSCEF; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On September 19, 2005, the defendant Valerie Tait (hereinafter the defendant) executed a note in the amount of $348,500, in favor of nonparty BNC Mortgage, Inc., which was secured by a mortgage on certain real property located in Queens County (hereinafter the subject property). On March 25, 2014, the plaintiff, U.S. Bank National Association, commenced this action to foreclose the mortgage. A notice of pendency was filed on the same date. On June 17, 2014, nonparty Innovation Two, Inc. (hereinafter Innovation), allegedly purchased the subject property from the defendant.
The defendant failed to answer the complaint, and the action proceeded upon her default. In an order entered September 23, 2015, the Supreme Court granted the plaintiff's motion, [*2]inter alia, for leave to enter a default judgment and for an order of reference, and appointed a referee to compute the amount due to the plaintiff (hereinafter the order of reference). On November 29, 2016, the court entered an order and judgment of foreclosure and sale, among other things, directing the sale of the subject property.
A foreclosure sale was scheduled for April 22, 2022. On April 21, 2022, Innovation moved pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale for the plaintiff's failure to serve a copy of the order of reference with notice of entry upon it. The plaintiff opposed the motion and cross-moved, inter alia, for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1. In an order entered September 2, 2022, the Supreme Court denied Innovation's motion and the plaintiff's cross-motion. Innovation appeals from so much of the order as denied its motion pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale.
Contrary to Innovation's contention, the Supreme Court properly denied its motion pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale, as Innovation never moved for leave to intervene in the action (see CPLR 1012[a][3]; Bank of Am., N.A. v Moore, 224 AD3d 727). Moreover, Innovation's motion was untimely. While "even after expiration of the one-year limitations period set forth in CPLR 5015, 'a court may vacate its own judgment for sufficient reason and in the interests of substantial justice'" (Bank of N.Y. Mellon v Geffrard, 215 AD3d 723, 724, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 68), there is "no basis for an extension of the one-year period in the exercise of discretion, [where] the [movant] fail[s] to demonstrate a reasonable excuse for [its] lengthy delay in moving to vacate [the order or judgment]" (Bank of N.Y. Mellon v Geffrard, 215 AD3d at 724; see Yung Chong Ho v Uppal, 130 AD3d 811, 813; U.S. Bank N.A. v. Bien-Aime, 123 AD3d 696, 697). Here, Innovation failed to demonstrate a reasonable excuse for its lengthy delay in moving to vacate the order and judgment of foreclosure and sale (see Bank of N.Y. Mellon v Geffrard, 215 AD3d at 724).
"'Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property'" (HSBC Bank USA, N.A. v Minogue, 202 AD3d 662, 663, quoting Wells Fargo Bank, N.A. v Lance, 196 AD3d 535, 536 [internal quotation marks omitted]). "'[A] person whose conveyance . . . is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party'" (HSBC Bank USA, N.A. v Minogue, 202 AD3d at 663, quoting DK Gates Homes, LLC v HSBC Bank USA, N.A., 188 AD3d 815, 815 [internal quotation marks omitted]).
Here, the notice of pendency was filed in March 2014, before Innovation allegedly obtained title to the subject property. As such, Innovation had constructive notice of this foreclosure action, "and [its] interest in the property was effectively foreclosed upon entry of the judgment of foreclosure and sale" (HSBC Bank USA, N.A. v Minogue, 202 AD3d at 663; see HSBC Bank USA, N.A. v Pape, 178 AD3d 683, 684). Accordingly, the Supreme Court properly denied Innovation's motion pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale.
The plaintiff seeks costs in the form of reimbursement of reasonable attorneys' fees and expenses incurred in defending this appeal pursuant to 22 NYCRR 130-1.1(c), alleging that Innovation's conduct in taking this appeal was frivolous. "A court, 'in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct'" (Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d 548, 550, quoting 22 NYCRR 130-1.1[a]; see West Hempstead Water Dist. v Buckeye Pipeline Co. L.P., 152 AD3d 558, 558). "Although the advancement of a meritless position may serve as the basis for a finding of frivolity, the standard for such a showing is high: the rule provides that a position will be deemed frivolous only where it is 'completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law'" (Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d at 550, quoting 22 NYCRR 130-1.1[c][1]; see West Hempstead Water Dist. v Buckeye Pipeline Co. L.P., 152 AD3d at 558-559). "The party seeking sanctions has the burden to [*3]demonstrate that its opponent's conduct was frivolous within the meaning of 22 NYCRR 130-1.1(c)" (Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d at 550; see West Hempstead Water Dist. v Buckeye Pipeline Co. L.P., 152 AD3d at 559).
Here, the plaintiff appears to have met that burden. Prior to making the motion, by notice of motion, that is the subject of this appeal, Innovation submitted an order to show cause requesting the same relief, which the Supreme Court declined to sign, explaining that Innovation's application was without merit as it lacked standing. This Court denied Innovation's application pursuant to CPLR 5704 to execute the order to show cause, and apparently that same day Innovation made the underlying motion, without asking for leave to intervene. Further, Innovation filed this appeal despite the Supreme Court's warning that should it "file a motion on notice or Order to Show Cause seeking exactly the same relief as in the prior Orders to Show Cause and the [underlying] motion, plaintiff may move for sanctions." Innovation's conduct in pursuing the instant appeal "appears to be completely without merit in law or fact and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, or undertaken primarily to delay or prolong the resolution of litigation" (Acocella v Wells Fargo Bank, N.A., 139 AD3d 647, 649); see 22 NYCRR 130-1.1[c]; Palmieri v Thomas, 29 AD3d 658, 659).
Moreover, although the plaintiff has not requested that this Court impose a financial sanction against Innovation and/or its counsel, this Court may do so on its own motion, after a reasonable opportunity to be heard (see 22 NYCRR 130-1.1[d]).
Accordingly, for the reasons stated above, the parties to this appeal are directed to submit affirmations or affidavits on the issue of the imposition of sanctions and/or costs against Innovation and/or its counsel pursuant to 22 NYCRR 130-1.1(c).
CONNOLLY, J.P., GENOVESI, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court