HSBC Bank USA v Amponsah (2025 NY Slip Op 03631)

HSBC Bank USA v Amponsah

2025 NY Slip Op 03631

Decided on June 12, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 12, 2025

Before: Kern, J.P., Kennedy, Friedman, Shulman, O'Neill Levy, JJ. 

Index No. 35262/13|Appeal No. 4577|Case No. 2025-00666|

[*1]HSBC Bank USA, etc., Plaintiff-Respondent,
v
Kofi Amponsah et al., Defendants. 3340 Paulding Corp., Nonparty-Appellant.

The Law Office of Stella Azie, Bronx (Stella Azie of counsel), for appellant.
Reed Smith LLP, New York (Yimell M. Suarez Abreu of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered January 8, 2025, which granted the motion of plaintiff HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2007-1 for an extension of time to conduct a foreclosure sale and denied nonparty appellant 3340 Paulding Corp.'s cross-motion to intervene or be substituted as defendant in the action, vacate the order of reference and the judgment of foreclosure and sale, dismiss the complaint, and stay the foreclosure sale, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting HSBC's motion for an extension of time to conduct a foreclosure sale under RPAPL 1351(1). The motion for a judgment of foreclosure was granted on December 20, 2017, and a foreclosure sale, which had been initially scheduled for February 26, 2018, was cancelled when defendants filed a bankruptcy petition. Although the judgment of foreclosure and sale did not include the language required under RPAPL 1351 stating that the mortgaged premises were to be sold within 90 days of the date of judgment, the deed was assigned to 3340 Paulding with notice of that judgment and 3340 Paulding does not assert prejudice from the omission of the statutory language. Furthermore, the original foreclosure sale was, in fact, scheduled within 90 days of the judgment (see Wells Fargo Bank, N.A. v Malik, 203 AD3d 1110, 1112 [2d Dept 2022]). Additional factors, such as the COVID-19 pandemic and defendants' multiple bankruptcy filings, also support Supreme Court's decision to grant an extension for good cause (see Bank of New York Mellon v. Adam P10tch LLC, 226 AD3d 497, 498 [1st Dept 2024]).
Supreme Court also providently exercised its discretion in denying the cross-motion to intervene, as the proposed intervention was untimely. 3340 Paulding was "on notice all along by virtue of the notice of pendency that its interest could be extinguished by the foreclosure action," and "the failure to intervene earlier, while on notice that its rights were at stake, undermines any claim of injustice" (Citimortgage, Inc. v Dulgeroff, 138 AD3d 419, 419-420 [1st Dept 2016], lv dismissed 28 NY3d 1081 [2016]). Moreover, 3340 Paulding waited more than five years after purchasing the property and seven years after the entry of judgment before seeking to intervene (see HSBC Bank USA, N.A. v Minogue, 202 AD3d 662, 664 [2d Dept 2022]).
We reject 3340 Paulding's argument that the action should be dismissed in accordance with CPLR 3215(c), as a motion to dismiss the complaint as abandoned under that section is untimely when it is made after the entry of a judgment of foreclosure and sale (Wells Fargo Bank, N.A. v Steward, 232 AD3d 689, 690 [2d Dept 2024]).
We also reject 3340 Paulding's assertion that HSBC lacks standing to maintain this action. Defendants never challenged HSBC's standing to foreclose, nor was the default judgment against [*2]defendants vacated, and the defense of standing was therefore waived (see U.S. Bank N.A. v Goldberger, 211 AD3d 1077, 1078 [2d Dept 2022]). Because 3340 Paulding received its ownership interest after the notices of pendency and the judgment were filed, it is bound by all the prior proceedings as if it were a party and is now precluded from raising standing as a defense (CPLR 6501; see US Bank N.A. v Tabibnia, 228 AD3d 494, 495 [1st Dept 2024]).
3340 Paulding further argues that the judgment of foreclosure and sale should be vacated because HSBC failed to serve defendant Kofi Amponsah with its motion for a default judgment against defendants. This argument is without merit, as 3340 Paulding has no standing to challenge service on Amponsah (see Tabibnia, 228 AD3d at 495). In any event, neither Amponsah nor 3340 Paulding dispute that Amponsah actually received a copy of the motion for a default judgment, and Amponsah himself did not make this argument when seeking to vacate the order of reference and the judgment of foreclosure and sale.
We have considered 3340 Paulding's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 12, 2025