Contreras v Jimmy's Auto Top (2025 NY Slip Op 05215)

Contreras v Jimmy's Auto Top

2025 NY Slip Op 05215

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2021-01883
 (Index No. 153355/18)

[*1]Billy Joe Contreras, appellant-respondent, 
v
Jimmy's Auto Top, respondent-appellant (and a third-party action).

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn, Christen Giannaros, and Ross Friscia], of counsel), for appellant-respondent.
Gold Benes, LLP, Bellmore, NY (Jeffrey B. Gold and Karen C. Higgins of counsel), for respondent-appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (MacKenzie Fillow and Eva L. Jerome of counsel), for third-party defendants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated March 8, 2021. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, in effect, denied that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and his counsel.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant, Jimmy's Auto Top, to recover damages for personal injuries he alleged he sustained in March 2017, when he tripped and fell on a piece of metal protruding from the sidewalk adjacent to the defendant's business.
The defendant moved for summary judgment dismissing the complaint and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and his counsel. In an order dated March 8, 2021, the Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and, in effect, denied that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and his counsel. The plaintiff appeals, and the defendant cross-appeals.
"'As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property'" (Yu Ying Zhi v J-Mart Group, Inc., 189 AD3d 939, 940, quoting Futter v Hewlett Sta. Yogurt, Inc., 149 AD3d 912, 913). "'Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land'" (Byrams v [*2]Hamilton, 234 AD3d 917, 918, quoting James v Blackmon, 58 AD3d 808, 808; see Hausser v Giunta, 88 NY2d 449, 452-453). However, "'Administrative Code of the City of New York § 7-210 shifts tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner and imposes a duty upon the property owner to maintain the sidewalk in a reasonably safe condition'" (Brown v 133 Eastern LLC, 236 AD3d 851, 852, quoting Minqing Jin v Cheung's Holding Corp., 231 AD3d 821, 821).
Here, the defendant established, prima facie, that it owed no duty of care to the plaintiff with respect to the portion of the sidewalk where the plaintiff's fall was alleged to have occurred. The defendant submitted evidence establishing that it was not the owner of the property abutting the sidewalk and that it neither created the defective condition nor made a special use of that sidewalk (see Maltese v Metropolitan Transp. Auth., 179 AD3d 780, 783-784; Zorin v City of New York, 137 AD3d 1116, 1117). In opposition, the plaintiff failed to raise a triable issue of fact (see Maldonado v 527 Lincoln Place, LLC, 173 AD3d 730, 731; Ellman v Village of Rhinebeck, 41 AD3d 635, 637). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
"A court,'in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct'" (Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d 548, 550, quoting 22 NYCRR 130-1.1[a]; see Finley v Finley, 233 AD3d 654, 655). "The party seeking sanctions has the burden to demonstrate that its opponent's conduct was frivolous within the meaning of 22 NYCRR 130-1.1(c)" (Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d at 550; see West Hempstead Water Dist. v Buckeye Pipeline Co., L.P., 152 AD3d 558, 559).
Here, the Supreme Court providently exercised its discretion by, in effect, denying that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and his counsel, as the defendant failed to establish that the plaintiff's maintenance of this action was "'completely without merit in law and [could not] be supported by a reasonable argument for an extension, modification or reversal of existing law'" (Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d at 550, quoting 22 NYCRR 130-1.1[c][1]; see West Hempstead Water Dist. v Buckeye Pipeline Co., L.P., 152 AD3d at 558-559).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court