LaBoy v Diven (2025 NY Slip Op 07381)

LaBoy v Diven

2025 NY Slip Op 07381

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-02506
 (Index No. 60055/20)

[*1]Michael LaBoy, appellant, 
vCharles J. Diven, Jr., et al., respondents.

Farber Schneider Ferrari LLP, New York, NY (Daniel J. Schneider and Darya Kapulina-Filina of counsel), for appellant.
Jasne & Florio, LLP, White Plains, NY (Hugh G. Jasne of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from stated portions of an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated March 1, 2022. The order, inter alia, denied those branches of the plaintiff's motion which were for a declaration that the plaintiff had been wrongfully evicted from the subject property pursuant to RPAPL 768, for damages resulting from such wrongful eviction, for a preliminary injunction restoring the plaintiff to possession of the subject property, for leave to amend the complaint to add a cause of action for replevin, and pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and the imposition of sanctions against the defendants, and denied the plaintiff's separate motion to hold the defendants in contempt for violating a temporary restraining order and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendants and their counsel.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action for replevin, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2019, the defendant Charles J. Diven, Jr., and the plaintiff entered into a contract whereby Charles agreed to sell and the plaintiff agreed to purchase certain residential property located in Westchester County. Prior to a closing of the sale and pending the completion of certain renovations to the property, the plaintiff moved into the property pursuant to an oral agreement with Charles. The parties dispute whether that agreement required the plaintiff to pay rent for his occupancy of the property. In July 2020, the sale of the property had not closed, and Charles served the plaintiff with a notice of "TERMINATION OF MONTH TO MONTH TENANCY AND INTENTION TO RECOVER POSSESSION."
In September 2020, the plaintiff commenced this action against Charles and the defendant Anna M. Diven, inter alia, for specific performance of the contract. The events giving rise to the instant motion practice are disputed. Charles averred that on January 7, 2021, he received a call informing him that propane service to the property had been shut off due to an unpaid bill and [*2]that the property had been without heat for almost two weeks. Charles was unable to reach the plaintiff and called the Yorktown Police Department to request that it perform a "well check" at the property. According to Charles, he and the responding officers arrived at the property to find the side door wide open, the boiler on "lock out" for lack of fuel, the pipes in the property frozen, and the property abandoned, with only vestiges of the plaintiff's personal property remaining. Charles thereafter called a locksmith to secure the property and had the plaintiff's remaining personal property moved into storage.
By order to show cause dated January 26, 2021, the plaintiff moved, among other things, for a declaration that the plaintiff had been wrongfully evicted from the property pursuant to RPAPL 768, for damages resulting from such wrongful eviction, for a preliminary injunction restoring the plaintiff to possession of the property, for leave to amend the complaint to add a cause of action for replevin based on the defendants' alleged failure to return the plaintiff's personal property, and pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and the imposition of sanctions against the defendants. In a supporting affidavit, the plaintiff averred that he and his family were the legal occupants of the property and that while they were on vacation, the defendants unlawfully entered the property and changed the locks. The order to show cause included a purported temporary restraining order, which stated, "ORDERED, that pending the hearing and determination of this application, to restore the status quo, compelling Defendants to restore Plaintiff to possession of the Property and to release to Plaintiff all Personal Property being held or withheld by one or more Defendants." Thereafter, the defendants did not restore the plaintiff to possession of the property. On February 18, 2021, the plaintiff moved to hold the defendants in contempt for violating the temporary restraining order and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendants and their counsel.
In an order dated March 1, 2022, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for a declaration that the plaintiff had been wrongfully evicted from the property pursuant to RPAPL 768, for damages resulting from such wrongful eviction, for a preliminary injunction restoring the plaintiff to possession of the property, for leave to amend the complaint to add a cause of action for replevin, and pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and the imposition of sanctions against the defendants, and denied the plaintiff's separate motion to hold the defendants in contempt and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendants and their counsel. The plaintiff appeals from stated portions of the order.
"'Abandonment in law depends on the concurrence of two and only two factors; one, an intention to abandon or relinquish; and two, some overt act, or some failure to act, which carries the implication that [a party] neither claims nor retains any interest in the subject matter of the abandonment'" (Masheh v JHF Mgt., LLC, 200 AD3d 1621, 1621-1622, quoting City of Binghampton v Gartell, 275 App Div 457, 460). Here, the defendants raised an issue of fact concerning the plaintiff's abandonment of the property by submitting evidence that, among other things, the plaintiff had removed substantially all of his personal belongings from the property and the property was unsecured and unheated on the date of the alleged lockout. Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for a declaration that the plaintiff had been wrongfully evicted from the property pursuant to RPAPL 768 and for damages resulting from such wrongful eviction (see Patton v Modern Asian, Inc., 208 AD3d 1491, 1492; Salem v US Bank N.A., 82 AD3d 865, 866). For the same reasons, the court did not err in denying that branch of the plaintiff's motion which was for a preliminary injunction restoring him to possession of the property, as issues of fact concerning the plaintiff's abandonment of the property "subvert the plaintiff's likelihood of success on the merits" on his wrongful eviction claim (Lombard v Station Sq. Inn Apts. Corp., 94 AD3d 717, 721; see Cooper v Board of White Sands Condominium, 89 AD3d 669, 669).
Further, the Supreme Court properly denied that branch of the plaintiff's separate motion which was to hold the defendants in contempt, as the purported temporary restraining order did not "'clearly express[ ] an unequivocal mandate'" (Board of Mgrs. of Brightwater Towers [*3]Condominium v M. Marin Restoration, Inc., 206 AD3d 605, 607, quoting Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964). "Contempt findings are inappropriate where, as here, there can be legitimate disagreement about what the terms of an order or judgment actually mean" (Matter of Banks v Stanford, 159 AD3d 134, 145; see Integrity Real Estate Consultants v Re/Max of N.Y., Inc., 213 AD3d 815, 820; Shea v Signal Hill Rd. LLC, 206 AD3d 1541, 1544).
However, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action for replevin. Leave to amend a pleading should be freely given, "'provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit'" (Tenenbaum v Ziv, 231 AD3d 1181, 1182, quoting Ortega v Bisogno & Meyerson, 2 AD3d 607, 609; see CPLR 3025[b]; Bhatara v Kolaj, 222 AD3d 926, 929). Here, the plaintiff adequately alleged the elements of a replevin cause of action, insofar as he alleged that the defendants are in possession of his personal property and have refused to return it despite the plaintiff's demands (see Westbury Recycling, Inc. v Westbury Transfer & Recycling, LLC, 209 AD3d 929, 932; Baron v Suissa, 167 AD3d 689, 689-690). The defendants failed to establish that the plaintiff unduly delayed in seeking to amend the complaint or that they will be prejudiced by the amendment (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411; Cirillo v Lang, 206 AD3d 611, 612).
The Supreme Court properly denied those branches of the plaintiff's motions which were pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and the imposition of sanctions, as the plaintiff failed to establish that the conduct of the defendants or their counsel was frivolous within the meaning of 22 NYCRR 130-1.1(c) (see West Hempstead Water Dist. v Buckeye Pipeline Co., L.P., 152 AD3d 558, 558-559; Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d 548, 550).
The plaintiff's remaining contention is without merit.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court